UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>$12,350.00 IN UNITED STATES CURRENCY, in cash seized on December 30, 2010, *etc.*,<br><br>Defendant. | Civil Action  11-117 (BJR) |

MEMORANDUM OPINION

This *in rem* civil forfeiture action comes before the Court upon plaintiff United States' Motion for Entry of a Default Judgment and Final Order of Forfeiture [Dkt. # 10] against defendant property $12, 350.00 in United States currency.  Plaintiff makes this motion pursuant to 18 U.S.C. § 983(a)(4)(A), Federal Rule of Civil Procedure 55, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G" or "Supp. R."). Upon consideration of the government's complaint and motion and the record in this case, the Court concludes that the United States' motion for a default judgment and for a final order of forfeiture should be granted.

Based on the representations made by plaintiff in the complaint and the Affidavit in Support of Default [Dkt. # 8], the Court finds the following facts:  On December 30, 2010, police officers executed a drug-related warrant to search a home at a specific address in the 6900 block of Emerson Street, Hyattsville, Maryland.  During the execution of this warrant, officers seized the defendant property from an unlocked metal box hidden in the basement of the residence,

which belonged to Mr. Deonte Ramon Taylor and his aunt, Ms. Miriam Suddoo Morgan.

On June 27, 2011, the United States filed a Complaint for Forfeiture *In Rem*. After filing this civil forfeiture action, the United States gave notice by publication on the government's forfeiture website and notice to known potential claimants. No claim to the defendant property was filed. On January 30, 2012, plaintiff filed an Affidavit in Support of Default. On January 31, 2012, the Clerk of Court entered a Default. *See* Order of January 31, 2012 [Dkt. # 9].

With these facts established, the Court now turns to the applicable law. Title 21, section 881(a)(6) of the United States Code authorizes the forfeiture of property that constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 801, *et seq.*, the Controlled Substances Act, or a conspiracy to commit such offense. In relevant part, the Act provides that the following items are subject to forfeiture to the United States:

> [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

In light of the established facts, the Court concludes that the defendant property, $12,350.00 in United States currency, fits § 881(a)(6)'s definition of property subject to forfeiture. Seized in the residence of a distributor of controlled substances, it is more likely than not "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to

facilitate a violation" of 21 U.S.C. § 801, *et seq*. Therefore, under to 21 U.S.C. § 881(a), the currency is subject to forfeiture. 21 U.S.C. § 881(a)(6). As well, the procedural requirements for forfeiture, as established under Rule G, have been met: the United States provided sufficient notice of the seizure of the defendant property, and no individual filed any pleading to challenge the forfeiture of the defendant property, and the time for filing a claim has expired. *See* Supp. R. G(5)(a)(ii)(B).

In light of the above findings of fact and conclusions of law, the Court will accordingly grant the government's motion for a default judgment and final order of forfeiture [Dkt. # 10]. A judgment consistent with this Memorandum Opinion shall issue this same day.

Signed on April 5, 2012.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE